UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOYCE CONIGLIO,

  Plaintiff,

CASE NO.:

-vs-

RADIAN GROUP, INC., and
NATIONSTAR MORTGAGE LLC,
a foreign limited liability company,

  Defendants.
_____/

## COMPLAINT

Plaintiff, JOYCE CONIGLIO, sues the Defendants, RADIAN GROUP, INC., and NATIONSTAR MORTGAGE LLC and alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action for money damages in an amount that exceeds $15,000, exclusive of costs, interest, and attorneys' fees.

2. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendants in violation of 47 U.S.C. §227, *et seq*., the Telephone Consumer Protection Act of 1991(hereafter "TCPA"), and the regulations applicable thereto, as set forth in 47 C.F.R. § 64.1200 (hereafter the "Regulations"), in addition to recovery of attorneys' fees pursuant to section 501.059(10)(a), Florida Statutes.

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for the related claims.

4. The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

6. Plaintiff is the "called party" the "called party" with respect to the calls placed to her cellular telephone number, (813) 244-1327, as further described herein. See In re Rules and Regulations Implementing the TCPA of 1991, Declaratory Ruling and Order, CG Docket No. 02–278, WC Docket No. 07–135, FCC 15–72, ¶ 73, 2015 WL 4387780 (July 10, 2015) ("2015 FCC Order").

7. At all times material hereto, Defendant RADIAN GROUP, INC., (hereafter "RADIAN") is and was foreign corporation company organized under the laws of the State of Delaware with its principal place of business located in Philadelphia, Pennsylvania.

8. At all times material hereto, Defendant RADIAN purported to operate as a "credit enhancement company," offering mortgage insurance, financial guarantee insurance for public finance, asset backed and structured finance transactions, reinsurance and other financial services, including credit counseling services.

9. At all times material, Defendant NATIONSTAR was and is a foreign limited liability company, with its principal place of business at 8950 Cypress Waters Boulevard, Coppell, TX 75019, doing business in Florida through its registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

10. Defendant NATIONSTAR is not a tax exempt nonprofit organization.

11. At all times material hereto, Defendant RADIAN was and is a contracted agency of Defendant NATIONSTAR, in which capacity RADIAN engages in the business of marketing, solicitation, and sale of credit counseling services on behalf of Defendant NATIONSTAR in exchange for compensation from Defendant NATIONSTAR in the form of commission or direct payment. Defendant RADIAN's marketing and solicitation of insurance and credit counseling services products such as "ApprovalGUARD," on behalf of NATIONSTAR includes the voluminous placement of outbound solicitation calls to residents of Florida using an automated telephone dialing system.

12. Accordingly, Defendant NATIONSTAR is a "seller" as that term is defined by 47 C.F.R. § 64.1200(f)(9).

13. In or about October of 2014, Plaintiff began receiving telephone calls from Defendant RADIAN on her cellular telephone number, (813) 244-1327.

14. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (813) 244-1327, and was the called party and recipient of Defendant RADIAN'S telephone solicitation calls.

15. The telephone calls at issue were placed by Defendant RADIAN using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

16. Defendant RADIAN initiated each of the phone calls at issue to Plaintiff for the purpose of encouraging the purchase of credit counseling services and/or products such as

"ApprovalGUARD," by Plaintiff for the financial benefit of Defendant RADIAN and Defendant NATIONSTAR. Accordingly, the calls constituted "telephone solicitation" as defined by the TCPA and its Rules and Regulations, 47 U.S.C. §227(a)(4) and 47 C.F.R. § 64.1200(f)(14).

17. In placing the above described telephone solicitation calls to Plaintiff, Defendant RADIAN acted as a "telemarketer" and engaged in "telemarketing" as defined by the applicable Rules and Regulations, 47 C.F.R. § 64.1200(f)(11)-(12).

18. To date, Defendant RADIAN has placed approximately forty (40) such telephone solicitation calls to Plaintiff's aforementioned cellular telephone number since on or about October 20, 2014. Moreover, Defendant's harassing telephone solicitation campaign involved the placement of the above described telemarketing calls to Plaintiff's cellular telephone number and leaving of voice message on Plaintiff's voice mail numerous times per day and on back to back days.

19. Defendant RADIAN has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to solicit the sale of consumer credit counseling services and products such as "ApprovalGUARD," from individuals such as Plaintiff for its financial benefit and the benefit of Defendant NATIONSTAR.

20. Defendant RADIAN willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

21. Defendant RADIAN followed its corporate policy when attempting to communicate with the Plaintiff.

22. Defendant RADIAN has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

23. Defendant RADIAN knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up its autodialer in a manner which makes it virtually impossible for the automated calls to stop.

## **COUNT I - VIOLATION OF THE TCPA AGAINST RADIAN**

24. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs one (1) through twenty-three (23), as if fully set forth herein.

25. None of the calls at issue were placed by Defendant RADIAN to Plaintiff's cellular telephone number with the "prior express written consent" of Plaintiff, as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(2), and defined by 47 U.S.C. § 64.1200(f)(8).

26. Furthermore, none of the calls at issue were placed by Defendant RADIAN to Plaintiff for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

27. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing calls to Plaintiff's cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, invitation or permission, as specifically prohibited by the TCPA and its Rules and Regulations, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. § 64.1200(a)(1).

28. Defendant RADIAN willfully and/or knowingly violated the TCPA with respect to Plaintiff by leaving artificial or prerecorded voice messages on Plaintiff's voice mail which failed to disclose the name under which it is registered to conduct business with the Florida Department of State or other State Corporation Commission, in violation of 47 C.F.R. § 64.1200(b)(1).

29.     The TCPA provides Plaintiff with a private right of action against Defendant RADIAN for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant RADIAN for statutory damages, actual damages, costs, interest, and any other such relief the court may deem just and proper.

## **COUNT II - VIOLATION OF THE TCPA AGAINST NATIONSTAR**

30.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs one (1) through twenty-three (23), as if fully set forth herein. Plaintiff further incorporates each allegation of Count I, above, as if fully set forth herein.

31.     The telephone solicitation and/or telemarketing calls giving rise to the above described TCPA violations by Defendant NATIONSTAR's contracted agent, Defendant RADIAN, were made "on behalf of" Defendant NATIONSTAR in that the calls at issue were made to market and solicit the sale of consumer counseling related services and/or products such as "ApprovalGUARD," and were intended to inure to the benefit of and further the interests of Defendant NATIONSTAR.

32.     Accordingly, Defendant NATIONSTAR is vicariously liable for Defendant RADIAN'S violations of the TCPA, as described herein. See In re Joint Petition Filed by Dish Network, LLC, 28 F.C.C.R. 6574, 28 FCC Rcd. 6574, 58 Communications Reg. (P&F) 355.

33.     The TCPA provides Plaintiff with a private right of action against Defendant NATIONSTAR for its violations of the TCPA, by and through Defendant RADIAN, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant NATIONSTAR for statutory damages, actual damages, costs, interest, and any other such relief the court may deem just and proper.

### COUNT III – ATTORNEYS' FEE DEMMAND PURSUANT TO SECTION 501.059, FLORIDA STATUTES

34. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs one (1) through twenty-three (23), as if fully set forth herein. Plaintiff further incorporates each allegation of Counts I and II as if fully set forth herein.

35. Plaintiff is a "consumer" as that term is defined by section 501.059(1)(e), Florida Statutes.

36. Defendant RADIAN is a "telephone solicitor" as that term is defined under section 501.059(1)(d), Florida Statutes.

37. The phone calls placed by Defendant RADIAN to Plaintiff's cellular telephone number, as described herein, were "telephonic sales calls" as defined by section 501.059(1)(a), Florida Statutes.

38. The conduct giving rise to Plaintiff's claims against Defendants for violation of the TCPA, as set forth in Counts I and II, also violated numerous analogous provisions of section 501.059, Florida Statutes, including but not limited to, the following:

   a. The above described calls placed by Defendant RADIAN to Plaintiff's cellular telephone number were not made in response to an express request of Plaintiff or in connection with an existing debt or contract. Furthermore, Defendant RADIAN did not at any material time hereto have a prior or existing business relationship with Plaintiff. Accordingly, the phone calls placed by Defendant RADIAN to Plaintiff's cellular telephone number, as described herein, were "unsolicited telephonic sales calls" as defined by section 501.059(1)(c), Florida Statutes.

b.  Defendant RADIAN willfully and/or knowingly violated section 501.059(2), Florida Statutes, by repeatedly placing unsolicited telephonic sales call to Plaintiff's cellular telephone number that failed to disclose Defendant's identity as required under Florida law.

c.  Defendant RADIAN willfully and/or knowingly violated section 501.059(8)(a), Florida Statutes, by repeatedly placing telephonic sales calls to Plaintiff's cellular telephone number using an automated telephone dialing system when the connection to Plaintiff's cellular telephone number was completed.

39.  Section 501.059(10)(a) provides that the prevailing party in any civil litigation resulting from a transaction involving a violation of section 501.059, Florida Statutes, is entitled to recover her reasonable attorneys' fees and costs.

40.  Counts I and II of this Complaint alleging violations of the TCPA by Defendants RADIAN and NATIONSTAR, as incorporated herein, constitute "civil litigation resulting from a transaction involving" conduct that violates section 501.059, Florida Statutes, as set forth above.

41.  Plaintiff has been required to retain the services of the undersigned attorneys and has agreed to pay them a reasonable fee.

WHEREFORE, Plaintiff demands judgment against Defendants RADIAN and NATIONSTAR for attorneys' fees and costs, and for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on Defendants through Personal Service of Process or Service of Process on their designated Registered Agents.

Respectfully submitted,

/s/David P. Mitchell
David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
d.mitchell@maneygordon.com
v.marrero@maneygordon.com
Counsel for Plaintiff