# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

### Case No.: 8:15-cv-02406-VM-AEP

JOYCE CONIGLIO,

       Plaintiff,

vs.

iQUAL COPORATION, and
NATIONSTAR MORTGAGE LLC,

       Defendants.

_____

## DEFENDANT NATIONSTAR MORTGAGE LLC'S MOTION TO STAY PROCEEDINGS PENDING RULING BY UNITED STATES CIRCUIT COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA AND THE SUPREME COURT WITH INCORPORATED MEMORANDUM OF LAW

Defendant Nationstar Mortgage LLC ("Defendant" or "Nationstar"), by and through its undersigned counsel, hereby files this Motion to Stay Proceedings Pending Ruling by the United States Circuit Court of Appeals for the District of Columbia on the definition of an "automatic telephone dialing system" and the United States Supreme Court's forthcoming decision in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015), with Incorporated Memorandum of Law. In support of its Motion, Nationstar states as follows:

### INTRODUCTION

A stay is appropriate because two important legal issues that may be dispositive of this case are currently pending before the United States Circuit Court of Appeals for the District of Columbia and the United States Supreme Court. Nationstar anticipates that the ruling by either the D.C. Circuit or the Supreme Court will either extinguish Plaintiff Joyce

Coniglio's ("Plaintiff") claims or set forth the scope of any continued proceedings in this matter. A trial court has broad discretion to stay all proceedings pending the resolution of independent proceedings elsewhere. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Accordingly, a stay is appropriate so that the parties and this Court can receive clarity on the issues to be decided before further time and expense is incurred.

Plaintiff filed a three-count Complaint alleging that Nationstar violated the Telephone Consumer Protection Act ("TCPA") 47 USC § 227, et seq., and seeking attorney's fees pursuant to Fla. Stat. § 501.059 et seq. Specifically, Plaintiff alleges that Nationstar is vicariously liable for iQUAL Corporation's violations of the TCPA because iQUAL Corporation is Nationstar's agent and iQUAL Corporation allegedly violated the TCPA by placing calls to Plaintiff's cellular phone using an "automatic telephone dialing system" without Plaintiff's consent. (D.E. 19). [1]As a result, Plaintiff is seeking to recover statutory damages of $500 to $1500 per call.

Directly at issue in this case is whether iQUAL Corporation used an "automatic telephone dialing system" as defined by the TCPA and by the Federal Communications Commission (FCC) in its July 10, 2015 Order. The FCC's redefinition of the term "automatic telephone dialing system" is currently pending before the D.C. Circuit in *ACA International v. Federal Communications Commission*, Case No. 15-1211. *See* ACA International Petition for Review attached hereto as **Exhibit A**. Several additional parties have intervened in the action seeking review of the 2015 TCPA Order and its redefinition of various statutory terms, as well as the FCC's apparent disregard of Congress's findings in the

---

[1] Nationstar denies that it is vicariously liable for iQual's actions as alleged in the Amended Complaint.

TCPA itself.  Once the D.C. Circuit rules upon these issues, either Plaintiff's claims will be extinguished, or the ruling will dictate the scope of the issues and discovery needed in this case.  Accordingly, pursuant the Court's inherent authority to administer its own docket, Nationstar seeks a stay of this case pending the D.C. Circuit's decision on these pivotal questions.

Furthermore, the *Spokeo* case currently pending before the Supreme Court may render this action moot.  The Supreme Court granted review in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015), to resolve a conflict among the courts of appeal over "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Pet. for Writ of *Certiorari* in *Spokeo, Inc. v. Robins*, No. 13-1339, 2014 WL 1802228, at i (U.S. May 1, 2014) (attached as **Exhibit B**).  The outcome in *Spokeo* may well determine that this Court lacks subject-matter jurisdiction over bare statutory violations when, as here, the named plaintiff does not claim that she suffered any concrete harm.

## ARGUMENT

A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  This discretion is "incident to [a district court's] power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *see also Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with

economy of time and effort for itself, for counsel, and for litigants.") (quotation marks omitted); *Robinson v. Section 23 Prop. Owner's Ass'n*, No. 2:12-cv-675-FtM-29CM, 2014 WL 2215757, at *6 (M.D. Fla. May 27, 2014) (citing *Clinton v. Jone*s, 520 U.S. 681, 706 (1997))..  In determining whether a stay is appropriate, courts examine several factors: (1) the interest of the plaintiff in proceeding expeditiously with the civil action as balanced against the prejudice to the plaintiff from delay; (2) the burden on defendant; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest. *Zanghi v. FreightCar Am., Inc.*, 38 F. Supp. 3d 631, 642 (W.D. Pa. 2014); *see also Freedom Sci., Inc. v. Enhanced Vision Sys.*, No. 8:11-CIV-1194-T-17-AEP, 2012 U.S. Dist. LEXIS 11410, at *2 (M.D. Fla. Jan. 31, 2012) (examining whether a stay will (1) unduly prejudice or tactically disadvantage the non-moving party; (2) simplify the issues and streamline the trial; and (3) reduce the burden of litigation on the parties and on the court). "Stays of proceedings can also promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions." *Boise v. Ace USA, Inc.*, No. 15-21264, 2015 WL 4077433, at *2 (S.D. Fla. July 6, 2015).

Here, all of these factors weigh in favor of granting a stay.  First, Plaintiff will not be prejudiced by a short stay of the proceedings because there is no continuing harm. *See Lambert v. Buth-Na-Bodhaige, Inc*., No. 2:14-cv-00514-MCE-KJN, 2014 WL 4187250, at *2 (E.D. Cal. Aug. 21, 2014) ("[Since] there is no indication that Plaintiff has received any text messages from Defendants since October 18, 2013, she is not suffering continuing harm and thus will not be prejudiced by a stay.").  Also, given the early stage of the litigation, a stay will not be prejudicial to Plaintiff's case. *Id.* at *7 (granting motion to stay where the case

was in an early stage of litigation); *Gusman v. Comcast Corp.*, No. 13CV1049-GPC(DHB), 2014 WL 2115472, at *4 (S.D. Cal. May 21, 2014) ("Plaintiff will not be prejudiced since he stopped receiving calls...and the case is in the early stages of litigation.").

Additionally, granting a stay will simplify the issues and streamline the trial.  As discussed more fully below, depending upon how the D.C. Circuit and U.S. Supreme Court rule in their respective appeals, Plaintiff's claims will be extinguished or the ruling will dictate the scope of the issues and discovery needed in this case.  With the benefit of the D.C. Circuit's and Supreme Court's rulings, the parties can engage in more focused litigation based on the insight provided by these courts, thus reducing the burden of litigation on the parties and on the Court.  *See, e.g.*, *Lambert*, 2014 WL 4187250, at *3 (finding that a stay would spare the costs of discovery on issues that could be rendered moot by FCC rulings). Accordingly, a short stay will promote efficiency for the court and the parties.

At least seven courts recently granted stays in TCPA cases under precisely the circumstances presented here.  *See Mackiewicz v. Nationstar Mortgage LLC*, No. 6:15-cv-465-Orl-18GJK (M.D. Fla. November 10, 2015) (granting stay in light of D.C. Circuit appeal of FCC's July 10, 2015 Ruling and *Spokeo*) (attached hereto as **Exhibit C**); *Gensel v. Performant Techs., Inc.*, No. 13-cv-1196 (E.D. Wis. Oct. 21, 2015) (granting stay in light of D.C. Circuit appeal of FCC's July 10, 2015 Ruling) (attached hereto as **Exhibit D**); *Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. & Ann. Corp.*, No. CV 15-04767-AB (JCx) (C.D. Cal. Oct. 19, 2015) (staying TCPA case pending *Spokeo* and another Supreme Court decision) (attached hereto as **Exhibit E**); *Duchene v. Westlake Servs., LLC*, No. 2:13-cv-01577, 2015 WL 5947669 (W.D. Pa. Oct. 13, 2015) (staying TCPA case pending *Spokeo* and

another Supreme Court decision) (attached hereto as **Exhibit F**); *Boise v. Ace USA, Inc.*, No. 15-21264, 2015 WL 4077433, at *5-6 (S.D. Fla. July 6, 2015) (staying TCPA case pending *Spokeo* decision); *Ramirez v. Trans Union, LLC*, No. 12-632 (N.D. Cal. June 22, 2015) (granting motion to stay in TCPA class action based on *Spokeo*) (attached hereto as **Exhibit G**); *Williams v. Elephant Ins. Co.*, 2015 WL 3631691 (E.D. Va. May 27, 2015) (staying TCPA case pending *Spokeo* and another Supreme Court decision) (attached hereto as **Exhibit H**).

Indeed, courts routinely stay proceedings in cases pending the Supreme Court's resolution of a related case in which *certiorari* has been granted. *See Cmty. State Bank v. Strong*, 651 F.3d 1241, 1247 (11th Cir. 2011) (noting that the court had previously "stayed its . . . proceedings" in the case "to await the Supreme Court's decision in *Vaden* [*v. Discover Bank*, 556 U.S. 49 (2009)], which raised a substantially similar jurisdictional question"); *Assoc. for Disabled Americans, Inc. v. Fla. Int'l Univ.*, 405 F.3d 954, 956 (11th Cir. 2005) (noting that the "appeal was stayed pending the Supreme Court's decision in *Tennessee v. Lane*"); *Colby v. Publix Super Mkts., Inc.*, 2012 WL 2357745, at *2–3 (N.D. Ala. 2012); *Accord, e.g.*, *Anker v. Wesley*, 670 F. Supp. 2d 339, 341 (D. Del. 2009) (proceedings stayed after Supreme Court's grant of certiorari in relevant case); *Henderson v. Campbell*, 2007 WL 781966, at *3 (N.D. Cal. 2007) (same), *aff'd*, 322 F. App'x 551 (9th Cir. 2009); *Houlihan v. Sussex Tech. Sch. Dist.*, 461 F. Supp. 2d 252, 255 (D. Del. 2006) (same); *Odneal v. Dretke*, 435 F. Supp. 2d 608, 611 (S.D. Tex. 2006) (same), *rev'd in part on other grounds*, 324 F. App'x 297 (5th Cir. 2009) (per curiam); *Michael v. Ghee*, 325 F. Supp. 2d 829, 831–33 (N.D. Ohio 2004) (same).

Both the United States Court of Appeals for the District of Columbia Circuit's decision in *ACA International* and the Supreme Court's *Spokeo* decision warrant the exercise of such discretion here.

### A. *ACA International Petition*

The petition in *ACA International* seeks review on the redefinition of the phrase "automatic telephone dialing system" in the TCPA based upon the treatment of the word "capacity" within the statutory definition.  Moreover, ACA International is seeking review of the FCC's treatment of predictive dialers and the Commission's order in general because it disregards Congress's findings in the TCPA.  *See* **Exhibit A**.

When Congress enacted the TCPA, it granted the FCC the general authority to make rules and regulations necessary to implement the statute.  *See* 47 U.S.C. § 227(b)(2) ("[t]he Commission shall prescribe regulations to implement the requirements of this subsection"); *see also Mais*, 768 F.3d at 1117-18 (describing the authority Congress conferred upon the FCC to interpret and implement the TCPA).  Although the TCPA explicitly prohibits certain conduct, Congress left much of the regulation to the discretion and expertise of the FCC.  *See* 47 U.S.C. § 227(b)(2) and § 227(c) (granting the FCC the authority to prescribe regulations, create exemptions, draft rules, and establish the do-not-call registry).  As the Eleventh Circuit has explained, "the TCPA emphasizes that 'the [FCC] should have the flexibility to design different rules for those types of automated or prerecorded calls that it finds are not considered a nuisance or invasion of privacy.'"  *Mais*, 768 F.3d at 1117 (citing Pub. L. No. 102-243, § 2(13), 105 Stat. at 2395).

Pursuant to the authority granted by Congress, the FCC has promulgated regulations and has issued a number of orders and declaratory rulings interpreting and clarifying the TCPA. The regulatory scheme created by Congress ensures that these FCC orders and rulings are applied uniformly. As the Eleventh Circuit has recognized, once the FCC issues an order or ruling, it is binding on district courts pursuant to the procedures set forth in the Hobbs Act. *See Mais*, 768 F.3d at 1119-20 (holding that the district court exceeded its authority by rejecting the FCC's interpretation of the TCPA because the Hobbs Act prohibits district courts from reviewing the validity of FCC orders). According to the court, "[t]his procedural path created by the command of Congress … allows uniform, nationwide interpretation of the federal statute by the centralized expert agency created by Congress to enforce the TCPA." *Id.* at 1119 (internal quotation marks omitted).

As noted above, this case raises issues that will be addressed by the D.C. Circuit when it rules upon ACA International's Petition. These issues include the FCC's redefinition in its July 10, 2015 Order of "automatic telephone dialing system" based upon the treatment of the word "capacity" within the definition, the treatment of predictive dialers, and the Commission's order in general because it disregards Congress's findings in the TCPA. *See* **Exhibit A**.

Staying this case will ensure that the TCPA is uniformly and consistently applied. If the Court grants a stay, the Court and the parties will benefit from the D.C. Circuit's guidance on these issues. If this case is not stayed and the litigation proceeds, however, there is the potential for this Court and other courts, to reach different conclusions on these

important issues. Therefore, a stay is appropriate to avoid the possibility of inconsistent rulings.

### B. *Spokeo Petition*

The Spokeo petition has been filed to resolve a conflict among the courts of appeal over "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." *See* **Exhibit B**. As the petition in *Spokeo* explains, the lower courts are deeply divided over "whether a statutory violation, unaccompanied by any concrete injury, is sufficient to establish Article III standing." Ex. B at 9–12. This issue has tremendous importance in the context of actions like this one, in which the confluence of a no-injury theory of standing and statutory damages "means that enormous potential liability may result even though no one has suffered *any* concrete injury." *Id.* at 14. While *Spokeo* is a putative class action alleging violations of the Fair Credit Reporting Act, the petition also explains that the question presented implicates claims brought under a wide range of federal statutes, including the TCPA. *Id.* at 16–19.

As such, should the Supreme Court resolve the question presented in favor of Spokeo, the decision would dispose of this matter. Even if the Supreme Court were to resolve the issue against Spokeo, the decision may at least narrow the scope of the litigation. Either way, judicial economy would be served by holding this case in abeyance pending the Supreme Court's decision.

Simply put, these two upcoming decisions may be dispositive of this case.  Staying the action will preserve the parties' and the court's resources by avoiding briefing on potentially irrelevant issues.  As the court in *Boise* explained, the *Spokeo* decision "may conclusively determine whether this Court has the subject matter jurisdiction to hear Plaintiff's claims at all.  Therefore,…the significant time, expense, and resources required to litigate this case on the merits will be for naught if the Supreme Court rules . . . that plaintiff like [Coniglio] lack Article III standing . . . ."  2015 WL 4077433, at *5 (internal quotations omitted).  Moreover, with the short and definite period of the stay, Plaintiff will not be prejudiced.  The Supreme Court has already granted *certiorari*, so "a decision is imminent within a year." *Id.* at *6.  Finally, the public interest will be promoted by the preservation of judicial economy and efficiency.  Judicial economy would best be served by holding this case in abeyance pending the Supreme Court's decisions in *Spokeo* and the D.C. Circuit's ruling in *ACA International*.

<u>**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**</u>

Pursuant to Local Rule 7.1(a)(3), counsel for Defendant has conferred with counsel for Plaintiff concerning this Motion and counsel for Plaintiff opposes the relief sought.

<u>**CONCLUSION**</u>

WHEREFORE, for the reasons stated herein Defendant Nationstar Mortgage LLC respectfully requests that the Court grant Defendant's Motion to Stay Proceedings, and grant any further relief the Court deems just and appropriate.

McGUIREWOODS LLP


By_____*/s/ Emily Y. Rottmann*_____
       Sara F. Holladay-Tobias (FL Bar No. 0026225)
       Primary E-Mail: stobias@mcguirewoods.com
       Secondary E-Mail: flservice@mcguirewoods.com
       Emily Y. Rottmann (FL Bar No. 0093154)
       Primary E-Mail: erottmann@mcguirewoods.com
       Secondary E-Mail: clambert@mcguirewoods.com
       50 N. Laura Street, Suite 3300
       Jacksonville, Florida 32202
       (904) 798-3200
       (904) 798-3207 (fax)

       *Attorneys and Trial Counsel for Nationstar Mortgage LLC*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on November 18, 2015.  I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

David P. Mitchell, Esq.
david@mitchellconsumerlaw.com
Maney & Gordon, P.A.
101 E. Kennedy Blvd., Suite 3170
Tampa, FL  33602
*Attorney for Plaintiff Joyce Coniglio*

*/s/ Emily Y. Rottmann*_____
Attorney

72742244v1