```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

JOYCE CONIGLIO,

        Plaintiff,

v.                            Case No. 8:15-cv-2406-T-33AEP

IQUAL CORPORATION and NATIONSTAR
MORTGAGE LLC,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Nationstar Mortgage LLC's Motion to Stay Proceedings Pending Ruling by United States Circuit Court of Appeals for the District of Columbia and the Supreme Court (Doc. # 24), which was filed on November 18, 2015. Plaintiff Joyce Coniglio has moved the Court for an extension of time in which to respond to the Motion. (Doc. # 31). However, the Court denies the Motion without the necessity of a response from Coniglio, as explained below.

**Discussion**

Nationstar seeks a stay in this action pending the ruling from the Supreme Court in <u>Robins v. Spokeo, Inc.</u>, 742 F.3d 409 (9th Cir. 2014) <u>cert.</u> <u>granted</u>, 135 S. Ct. 1892 (2015). Nationstar remarks that "the <u>Spokeo</u> case currently pending before the Supreme Court may render this action moot." (Doc.

# 24 at 3). Nationstar also indicates that proceedings before the D.C. Circuit in ACA International v. Federal Communications Commission, No. 15-1211, have the potential to "redefine" various statutory terms that are "directly at issue in this case." (Id.).

The Court acknowledges that important developments in Telephone Consumer Protection Act law may be on the horizon. However, Nationstar has failed to meet its burden of establishing the need to stay this action. Eleventh Circuit precedent establishes that a grant of certiorari by the Supreme Court does not in itself change the law. Rutherford v. McDonough, 466 F.3d 970, 977 (11th Cir. 2006)(citing Ritter v. Thigpin, 828 F.2d 662, 665-66 (11th Cir. 1987)) (holding that a grant of certiorari by the Supreme Court does not change the law and does not constitute new law). Rather, "[u]ntil the Supreme Court issues a decision that actually changes the law, we are duty-bound to apply this Court's precedent and to use it and any existing decisions of the Supreme Court to measure the likelihood of a plaintiff's success on the merits." Gissendaner v. Ga. Dep't of Corr., 779 F.3d 1275, 1284 (11th Cir. 2015).

Using this analogous legal context, other district courts have denied motions to stay. See Levesque v. Gov't Emp. Ins.

Co., No. 15-14005-CIV-MARRA, 2015 WL 6155897, at *6 (S.D. Fla. Oct. 20, 2015)(holding "[w]here controlling circuit precedent exists on an issue before a district court, a grant of certiorari on the same issue by the United States Supreme Court does not justify a stay because certiorari grants do not change the law."); see also Speer v. Whole Food Mkt. Grp., Inc., No. 8:14-cv-3035-T-26TBM, 2015 WL 2061665, at *1 (M.D. Fla. Apr. 29, 2015)(denying defendant's motion to stay TCPA case pending Supreme Court grant of certiorari in Robins case).

Accordingly, the Court will not give precedential significance to the fact that the Supreme Court has granted certiorari in the Robins case, and the Court finds that a stay of this action to await a decision from the Supreme Court in Robins is not warranted. Nor will the Court stay this case due to ongoing proceedings taking place in the D.C. Circuit.

Accordingly, it is

**ORDERED, ADJUDGED**, and **DECREED**:

(1) Defendant Nationstar Mortgage LLC's Motion to Stay Proceedings Pending Ruling by United States Circuit Court of Appeals for the District of Columbia and the Supreme Court (Doc. # 24) is **DENIED**.

(2) Plaintiff Joyce Coniglio's Unopposed Motion for

Extension of Time to Respond to Defendant's Motion to Stay Proceedings (Doc. # 31) is **DENIED AS MOOT.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>3rd</u> day of December, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE